UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**PORTHEMOS CURRY, ET AL.**                                  **CIVIL ACTION**

**VERSUS**                                                   **NO. 15-2314**

**JEROME RAYMOND, ET AL.**                                   **SECTION "B"(1)**

### ORDER AND REASONS

Before the Court is Defendant Penske Truck Leasing Co., L.P.'s ("Penkse") motion for summary judgment. Rec. Doc. 16. Penske seeks dismissal of all claims against it on the grounds that there are no genuine issues of material fact concerning Penske's alleged liability. Plaintiffs, Porthemos Curry and Sarah Dotson (hereinafter "Plaintiffs"), filed a memorandum in opposition. Rec. Doc. 17. For the reasons enumerated below,

**IT IS ORDERED** that the motion is **GRANTED**.

I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises out of a car accident in which a truck driven by Jerome Raymond struck a tree, causing injury to Plaintiffs. Rec. Doc. 1 at 2. On June 25, 2015, Plaintiffs filed suit against Raymond, Starr Textile Services of Louisiana, L.L.C ("Starr"), Penske, and National Union Fire Insurance Company of Pittsburgh, PA. Rec. Doc. 1. In their complaint, Plaintiffs allege that the negligence of all four defendants was the sole and proximate cause of the accident. Rec. Doc. 1 at 2. More specifically, they claim that Raymond drove the vehicle at an excessive rate of speed and

1

in a careless, reckless, and inattentive manner. Rec. Doc. 1 at 3. Further, they claim that he failed to pay proper attention to his surroundings and drive under control. Rec. Doc. 1 at 3. The only alleged basis of liability for Starr and Penske is the doctrine of *respondeat superior*. Rec. Doc. 1 at 3.

Plaintiffs concede that Raymond, at all pertinent times, served as an employee of Starr. Rec. Doc. 1 at 1. Additionally, it is undisputed that the subject truck, a 2014 Freightliner M2, was owned by Penske and leased to Starr pursuant to a "Vehicle Lease Service Agreement." Rec. Docs. 16-2 at 1; 17-1 at 1. Finally, it is further undisputed that Penske is in the business of renting, leasing, and maintaining motor vehicles. Rec. Docs. 16-2 at 1; 17-1 at 1. Plaintiffs pled no other fact relevant to the present motion.

## II.  THE PARTIES' CONTENTIONS

Penske argues that the doctrine of *repsondeat superior* does not apply to it because it is not Raymond's employer. Rec. Doc. 16-1 at 3-4. Furthermore, Penske contends that the Graves Amendment, 49 U.S.C. § 30106, as well as Louisiana law, bar a company engaged in the business of leasing vehicles, such as Penske, from liability arising out of the use of a leased vehicle unless the lessor/owner has engaged in criminal wrongdoing or acted negligently. Rec. Doc. 16-1 at 4-6. For these reasons, Penske urges

this Court to dismiss all of Plaintiffs' claims against it with prejudice.

In their opposition, Plaintiffs provide little relevant discussion to counter Penske's arguments. Rather, Plaintiffs summarily assert that Penske negligently entrusted the vehicle to Starr. The only allegation they offer in support is that uncertainty remains as to Penske's knowledge of Raymond's driving abilities. Based on this single argument, Plaintiffs contend that the Court should deny Penske's motion.

### III. LAW AND ANALYSIS

While styled as a motion for summary judgment, Penske's motion is substantively a motion to dismiss, because it argues that the factual matter pled by Plaintiffs is insufficient to confer liability on Penske. Accordingly, the Court will construe the motion as a motion to dismiss.[1]

When reviewing a motion to dismiss, courts must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting

---

[1] However, even if this Court treated the motion as one for summary judgment, the same result would ensue.

3

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009)) (quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The only allegation levied against Penske in the Plaintiff's complaint is that Penske is negligent under the doctrine of *respondeat superior*. Rec. Doc. 1 at 3. In Louisiana, the doctrine is codified in article 2320 of the Civil Code: "Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of their functions in which they are employed." LA. CIV. CODE art. 2320. The Supreme Court of Louisiana stated that, "[t]o come within the scope of art. 2320, the plaintiff must show the existence of an employer-employee relationship." *Roberts v. State*, 404 So. 2d 1221, 1225 (La. 1981). The most important factor in determining whether such a relationship exists is the level of control over the work of the employee. *Id*. *See also Mendoza v. Hicks*, No. 15-1455, 2016 WL 915297, at *3 (E.D La. Mar. 10, 2016).

Here, Plaintiffs do not even allege the existence of an employer-employee relationship between Penske and Raymond. Rec. Doc. 1 at 1-5. Instead, they concede that Raymond was employed by Starr. Rec. Doc. 1 at 2. Moreover, the contractual relationship drawing Penske into this matter is with Starr, not Raymond, for

4

the lease of the vehicle. Rec. Docs. 1 at 2; 16-2 at 1; 17-1 at 1. Accordingly, Plaintiffs fail to adequately allege any claim against Penske under a theory of *respondeat superior*.

Despite the fact that Plaintiffs pled no other grounds for Penske's liability, Penske points out in its motion that "the Graves Amendment," 49 U.S.C. § 30106, prevents a leased vehicle's owner from being held liable for the negligence of the lessee absent negligence or criminal wrongdoing on the part of the owner, so long as the owner is "engaged in the trade or business of renting or leasing motor vehicles." 49 U.S.C. § 30106(a). Penske correctly asserts, and Plaintiffs do not challenge, that the Graves Amendment preempts contrary state law. *See Carton v. Gen. Motor Acceptance Corp.*, 611 F.3d 451, 456 (8th Cir. 2010); *Reph v. Hubbard*, No. 07-7119, 2009 WL 649910, at *1 (E.D. La. Mar. 10, 2009).

Plaintiffs do not dispute that Penske is in the business of leasing motor vehicles, thus meeting one prerequisite to application of the Graves Amendment. Despite not pleading anything in regards to negligent entrustment, Plaintiffs raise for the first time in their opposition the argument that Penske negligently entrusted the vehicle to Starr. Rec. Doc. 17 at 4. However, Plaintiffs provide no factual basis for this claim, instead insinuating that it is possible that Penske might have known of

5

some reason to doubt Raymond's driving abilities. This argument cannot prevent dismissal of the claims against Penske.

Plaintiffs provide no allegations that Penske acted negligently. Instead, they only speculate that Penkse might have had information about Raymond that could have raised doubts about his driving capabilities. This is insufficient to raise a facially plausible claim of negligent entrustment under *Twombly* and *Iqbal*.[2] *See Iqbal*, 556 U.S. at 678 (noting that a claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.").

Furthermore, Plaintiffs never pled such grounds for relief in their complaint. Yet, when a plaintiff raises new claims in an opposition to a motion for summary judgment, district courts should construe it as a motion to amend the complaint, *see Stover v. Hattiesbrug Public Sch. Dist.*, 549 F.3d 985, 989 n.2 (5th Cir. 2008), and "[l]eave to amend pleadings shall be freely given when justice requires." *Whitmire v. Victus, Ltd.*, 212 F.3d 885, 889 (5th Cir. 2000) (internal quotation marks omitted). However, "the decision to grant or deny a motion to amend is within the sound

---

[2] This result would be the same even if state law had applied.

6

discretion of the trial court." *Guichard v. City of New Orleans*, No. 92-3328, 1993 WL 370618, at *1 (E.D. La. Sept. 10, 1993) (citing *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314 (5th Cir. 1991)).

In this case, justice does not require the Court to provide Plaintiffs with leave to amend. It is evident from the complaint and Plaintiffs' opposition that they have no factual basis for claiming negligent entrustment by Penske, and it appears that counsel has made little to no effort to investigate any potential negligence. Both filings provide only bare-bones factual allegations. The "proposed" change is frivolous and only serves to advance a claim that is insufficient on its face. *See Panchal v. PNC Bank, Nat. Ass'n*, No. 14-0082, 2014 WL 6851947, at *2 (S.D. Tex. Dec. 3, 2014) (citing 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1487 (2d ed. 1990)). As such, providing leave to amend would be futile, because it would only result in further inadequate allegations as reflected in the Plaintiffs' opposition. *See id.* (citing *Ayers v. Johnson*, 247 Fed. App'x 534, 535 (5th Cir. 2007)).

**IV. <u>CONCLUSION</u>**

For the reasons outlined above,

7

**IT IS ORDERED** that Penske's motion is **GRANTED** and all of Plaintiffs' claims against Penske are **DISMISSED WITH PREJUDICE**.[3]

New Orleans, Louisiana, this 26th day of April, 2016.

                                           _____
                                           UNITED STATES DISTRICT JUDGE

---

[3] While the above analysis reviews the motion under the Rule 12(b)(6) standard and grants the motion as a motion to dismiss, it is alternatively granted as a motion for summary judgment for the same reasons.